ORAL ARGUMENT NOT YET SCHEDULED

No. 26-60806

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,

*Plaintiffs-Appellees*,

UNITED STATES OF AMERICA,

*Movant-Appellant*,

v.

X.AI CORPORATION, *et al.*,

*Defendants*.

---

On Appeal from the United States District Court
for the Northern District of Mississippi,
Case No. 3:26-cv-00074-DMB-JMV

---

**UNOPPOSED MOTION OF X.AI CORP. AND MZX TECH LLC FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* SUPPORTING MOTION FOR STAY PENDING APPEAL**

---

*(Counsel listed next page)*

Paul D. Clement (lead counsel)
Chadwick J. Harper*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 788-4311
paul.clement@clementmurphy.com
chad.harper@clementmurphy.com
* *Supervised by principals of the firm who are members of the Virginia bar*

Michael B. Buschbacher
Jimmy Conde
BOYDEN GRAY PLLC
800 Connecticut Avenue NW
Suite 900
Washington, D.C. 20006
(202) 955-0620 (MB)
(646) 266-4011 (JC)
mbuschbacher@boydengray.com
jconde@boydengray.com

James Burnham
Kenton J. Skarin
Reid Coleman
SPACEXAI CORP.
MZX TECH LLC
800 W. Cesar Chaves Street
Austin, TX 78701
jburnham@x.ai
kskarin@x.ai
rcoleman@x.ai

*(Continued)*

Jeremy C. Marwell
Patrick D. Traylor
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
jmarwell@velaw.com
ptraylor@velaw.com

Christopher V. Popov
VINSON & ELKINS LLP
845 Texas Avenue
Suite 4700
Houston, TX 77002
(713) 758-2636
cpopov@velaw.com

Daniel W. Van Horn
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38187
(901) 680-7331
danny.vanhorn@butlersnow.com

*(Continued)*

Adam Mehes
SPACEXAI CORP.
MZX TECH LLC
245 W 17th Street
New York, NY 10011
am@x.ai

P. Ryan Beckett
Keri E. Herrington
BUTLER SNOW LLP
1020 Highland Colony Pkwy.
Suite 1400
Ridgeland, MS 39157
(601) 948-5711
(601) 948-5177
ryan.beckett@butlersnow.com
keri.herrington@butlersnow.com

*Counsel for X.AI Corp. (now known as SpaceXAI Corp.) and MZX Tech LLC*

**SUPPLEMENTAL STATEMENT OF INTERESTED PERSONS**

*NAACP v. X.AI Corp.*

No. 26-60806

The undersigned counsel of record certifies that in addition to the persons and entities listed in Appellant's Certificate of Interested Persons, the following listed persons and entities described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of the Court may evaluate possible disqualification or recusal.

1. **Beckett, P. Ryan**, counsel for X.AI Corp. and MZX Tech LLC.
2. **Burnham, James**, counsel for X.AI Corp. and MZX Tech LLC.
3. **Buschbacher, Michael B.**, counsel for X.AI Corp. and MZX Tech LLC.
4. **Clement, Paul D.**, counsel for X.AI Corp. and MZX Tech LLC.
5. **Coleman, Reid**, counsel for X.AI Corp. and MZX Tech LLC.
6. **Conde, Jimmy**, counsel for X.AI Corp. and MZX Tech LLC.
7. **Harper, Chadwick J.**, counsel for X.AI Corp. and MZX Tech LLC.
8. **Herrington, Keri E.**, counsel for X.AI Corp. and MZX Tech LLC.
9. **Marwell, Jeremy C.**, counsel for X.AI Corp. and MZX Tech LLC.
10. **Mehes, Adam**, counsel for X.AI Corp. and MZX Tech LLC.

11. **MZX Tech LLC**, *amicus curiae*, is a privately held limited liability company. MZX Tech LLC is a wholly owned subsidiary of X.AI Corp (now known as SpaceXAI Corp.). X.AI Corp. is wholly owned by X.AI Holdings LLC (now known as SpaceXAI Holdings LLC). X.AI Holdings LLC is wholly owned by Space Exploration Technologies Corp. ("SpaceX"), a publicly traded company (NASDAQ: SPCX). No publicly held company owns 10% or more of SpaceX.

12. **Popov, Christopher V.**, counsel for X.AI Corp. and MZX Tech LLC.

13. **Skarin, Kenton J.**, counsel for X.AI Corp. and MZX Tech LLC.

14. **Traylor, Patrick D.**, counsel for X.AI Corp. and MZX Tech LLC.

15. **Van Horn, Daniel W.**, counsel for X.AI Corp. and MZX Tech LLC.

16. **X.AI Corp.**, *amicus curiae*, is a privately held corporation. X.AI Corp. (now known as SpaceXAI Corp.) is wholly owned by X.AI Holdings LLC (now known as SpaceXAI Holdings LLC). X.AI Holdings LLC is wholly owned by SpaceX, a publicly traded company (NASDAQ: SPCX). No publicly held company owns 10% of more of SpaceX.

*/s/ Jeremy C. Marwell*

Jeremy C. Marwell

*Counsel for* Amici Curiae *X.AI Corp. and MZX Tech LLC*

**UNOPPOSED MOTION OF X.AI CORP. AND MZX TECH LLC FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* SUPPORTING MOTION FOR STAY PENDING APPEAL**

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Circuit Rule 29.1, X.AI Corp. ("xAI") and MZX Tech LLC ("MZX") respectfully move this Court, without opposition, for leave to file the attached brief of *amici curiae* in support of the Motion for Stay Pending Appeal filed by the United States of America. xAI and MZX have significant interests in this appeal, as they are the named defendants in the underlying action from which the United States' appeal arises. In August 2025, xAI and MZX began operating temporary power-generating equipment to provide electricity for a high-performance computing facility in Southaven, Mississippi—equipment installed only after xAI and MZX received permission to do so from Mississippi's environmental regulators. More than eight months later, Plaintiffs brought a lawsuit under the Clean Air Act's citizen-suit provision and sought a preliminary injunction that would shut down the temporary power-generating equipment and with it, the high-performance computing facility. Concluding that such a lawsuit would disserve the nation's interests, the United States sought to intervene in and dismiss Plaintiffs' suit. But the district court has refused to allow intervention. In the attached proposed *amicus* brief, xAI and MZX provide their distinct perspective in support of the United States' motion to stay

further district court proceedings pending this Court's review of the constructive denial of the United States' intervention.

xAI and MZX are authorized to represent that the United States consents to this motion, and the Plaintiffs-Appellees do not oppose this motion.

In support of this motion, xAI and MZX state as follows:

1. The plaintiffs in this case filed a Clean Air Act citizen enforcement suit against xAI and MZX, seeking multi-million-dollar civil penalties and an injunction compelling xAI and MZX to immediately shut down certain temporary electric-generating turbines operated by MZX in Southaven, Mississippi. Although the site is rapidly transitioning toward a different, permanent power source, the temporary turbines are currently necessary to provide power for xAI's nearby high-performance computing facilities, which run xAI's frontier "super intelligence" ("SI") model Grok, and support other SI models, such as Anthropic's Claude and Google's Gemini.

2. The Clean Air Act gives the United States an unconditional statutory right to intervene in a citizen suit. *See* 42 U.S.C. § 7604(c)(2) ("In any action under this section, the [EPA] Administrator, if not a party, may intervene as a matter of right at any time in the proceeding."). In July 2026, the United States invoked that right and moved to intervene in and to dismiss the action. In doing so, the United States explained that granting Plaintiffs' requested preliminary injunction—which

would shut down the power generation at the Southaven facility, and with it the nearby computing facilities—would cause grave harms to American national interests and security, in part because the United States uses Grok for active military operations. At an August 2026 status conference, the district court stated its intent to deny the United States' intervention motion and to press forward with an evidentiary hearing this month (*i.e.*, October 2026) on Plaintiffs' preliminary injunction motion, without the United States' participation. The United States moved for entry of a written order on its intervention motion by September 10, 2026. The district court has not yet issued a written order. The United States thus appealed the constructive denial of its motion and now seeks a stay of further district court proceedings pending appeal.[1]

3. As the named defendants below, xAI and MZX have a direct and significant interest in this appeal because they would suffer catastrophic financial, operational, and reputational harms if the district court grants Plaintiffs' requested preliminary injunction. Not only that, but because the United States has not been allowed to intervene in this litigation, xAI and MZX have been forced to litigate a case about the enforcement of federal environmental law without the presence and participation of the federal government, which has warped the proceedings already

[1] On September 22, 2026, the United States also sought from the district court a stay of proceedings. *See* Dkt.124. No ruling has issued.

and threatens further damage with each passing day. xAI and MZX's unique interests readily meet the permissive standard for participation as *amici curiae* in this Court. *See Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urb. Dev.*, 980 F.2d 1043, 1049 (5th Cir. 1993) (non-appealing party to district court proceedings treated as *amicus curiae* in this Court).

4. Their interests extend to the United States' asserted right to intervene and dismiss the underlying action, and to the United States' request that this Court stay further district court proceedings—and in particular, the preliminary injunction hearing that could occur in a matter of weeks—pending this Court's resolution of the United States' appeal. *See* Fed. R. App. P. 29(a)(3)(A). The turbines that Plaintiffs seek to shut down power MZX's facility, which (among other things) serves xAI's Grok, Anthropic's Claude, and Google's Gemini. So, if the district court moves forward to resolve Plaintiffs' preliminary injunction motion while excluding the United States from participating in those proceedings, xAI and MZX's interests will suffer. That could include not only billions of dollars in financial and commercial harms but also massive damage to their operations and reputations. Moving forward without the United States' participation as a party will also ill-serve the district court, as the United States' perspective is critical on a range of issues relevant to the preliminary-injunction inquiry, including especially where the public interest lies, given the far-reaching national-security, economic, and policy

implications of shutting down MZX's temporary turbines. Importantly, too, xAI and MZX will suffer those harms during any period when an injunction is in effect, even if this Court were to later vacate the district court's denial of the United States' intervention and any interim rulings.

5. xAI and MZX's proposed *amicus* brief, being filed contemporaneously with this motion, is relevant to the matters now before this Court and provides information and perspective not contained in the briefing of the United States or Plaintiffs. *See* Fed. R. App. P. 29(a)(3)(B). The proposed brief provides the Court with information regarding, among other things: (1) the harms to xAI and MZX if district court proceedings were to move forward before this Court resolves the United States' appeal; (2) why a stay of district-court proceedings pending appeal will not negatively affect local air quality or harm Plaintiffs or their members; and (3) the implications for private parties, such as xAI and MZX, of a district court frustrating the United States' statutory and constitutional role as principal enforcer of the federal Clean Air Act by constructively denying intervention.

6. This motion and proposed *amicus* brief are consistent with Federal Rule of Appellate Procedure 29. xAI and MZX have explained, in this motion, why they have a direct and concrete interest in the case, and why the proposed *amicus* brief would be relevant and helpful to the Court's consideration of the issues at play. *See* Fed. R. App. P. 29(a). Consistent with Rule 29(a)(5), the proposed brief is limited

to half the length allowed under this Court's rules for the pleading being supported. This motion is timely, filed less than seven days after the United States' motion to stay.

7. This Court routinely grants leave for parties to file *amicus* briefs in connection with motions for stays or injunctions pending appeal. *E.g.*, *In re Abbott*, 800 F. App'x 296 (5th Cir. 2020); Order, *All. for Hippocratic Medicine v. FDA*, No. 23-10362 (5th Cir. Apr. 11, 2023), Dkt.91; Order, *Tex. Top Cop Shop v. Blanche*, No. 24-40792 (5th Cir. Dec. 19, 2024), Dkt.117; *accord* Order, *Utah v. EPA*, No. 23-1157 (D.C. Cir. Aug. 17, 2023), ECF No. 2013011; Order, *Planned Parenthood of Wis., Inc. v. Azar*, No. 18-5218 (D.C. Cir. Aug. 10, 2018), ECF No. 1745089. The Court should follow that well-established pattern here.

* * *

For the reasons stated above, the Court should grant xAI and MZX leave to file the attached proposed amicus brief in support of the United States' motion for stay pending appeal.

Dated: October 12, 2026

Respectfully submitted,


_/s/ Paul D. Clement_ (by permission)
Paul D. Clement (lead counsel)
Chadwick J. Harper*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 788-4311
paul.clement@clementmurphy.com
chad.harper@clementmurphy.com
* *Supervised by principals of the firm who are members of the Virginia bar*

Michael B. Buschbacher
Jimmy Conde
BOYDEN GRAY PLLC
800 Connecticut Avenue NW
Suite 900
Washington, D.C. 20006
(202) 955-0620 (MB)
(646) 266-4011 (JC)
mbuschbacher@boydengray.com
jconde@boydengray.com

James Burnham
Kenton J. Skarin
Reid Coleman
SPACEXAI CORP.
MZX TECH LLC
800 W. Cesar Chaves Street
Austin, TX 78701
jburnham@x.ai
kskarin@x.ai
rcoleman@x.ai


*(Continued)*


Adam Mehes



_/s/ Jeremy C. Marwell_
Jeremy C. Marwell
Patrick D. Traylor
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
jmarwell@velaw.com
ptraylor@velaw.com

Christopher V. Popov
VINSON & ELKINS LLP
845 Texas Avenue
Suite 4700
Houston, TX 77002
(713) 758-2636
cpopov@velaw.com

Daniel W. Van Horn
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38187
(901) 680-7331
danny.vanhorn@butlersnow.com


*(Continued)*

SPACEXAI CORP.
MZX TECH LLC
245 W 17th Street
New York, NY 10011
am@x.ai

P. Ryan Beckett
Keri E. Herrington
BUTLER SNOW LLP
1020 Highland Colony Pkwy.
Suite 1400
Ridgeland, MS 39157
(601) 948-5711
(601) 948-5177
ryan.beckett@butlersnow.com
keri.herrington@butlersnow.com

*Counsel for X.AI Corp. (now known as SpaceXAI Corp.) and MZX Tech LLC*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,358 words.

2. This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Date: October 12, 2026

*/s/ Jeremy C. Marwell*

Jeremy C. Marwell

*Counsel for X.AI Corporation and MZX Tech LLC*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on October 12, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Date: October 12, 2026

*/s/ Jeremy C. Marwell*

Jeremy C. Marwell

*Counsel for X.AI Corporation and MZX Tech LLC*